UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tonya Renee Hatton,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Civil No. 11-2756 (DWF/JJG)<br><br><br>**REPORT AND<br>RECOMMENDATION** |

JEANNE J. GRAHAM, United States Magistrate Judge

　　　This matter came before the Court because Plaintiff has failed to prosecute this matter, pursuant to 42 U.S.C. § 405(g), Federal Rules of Civil Procedure 4(m) and 7(b), and Local Rule 7.2 of the Local Rules for the District of Minnesota.  The case has been referred to the undersigned United States Magistrate Judge for the issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, the Court recommends that this action be dismissed pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

**I.　　BACKGROUND**

　　　Plaintiff Tonya Renee Hatton filed the complaint in this matter on September 27, 2011, along with an Application to Proceed In Forma Pauperis, which was granted.  Plaintiff is appearing *pro se* in this matter.  More than one hundred twenty (120) days passed without any docket activity in the matter and no proof of service of the complaint on the defendant.  On March 7, 2012, the undersigned issued an order (Doc. No. 4), requiring Plaintiff to take certain

actions, including filing proof of service of the complaint, moving for default judgment, and/or advising in writing good cause why no action had been taken. The order set deadlines for those actions and also informed Plaintiff that failure to comply with the order could result in dismissal of the action for failure to prosecute.

On March 21, 2012, Plaintiff's father, Greg Hatton, contacted the undersigned's chambers seeking additional time to comply with the Order. Mr. Hatton was instructed to file a letter with the Clerk's Office requesting additional time. He did not do so. On April 16, 2012, an order was issued (Doc. No. 5) granting an extension to May 1, 2012 to serve the Complaint on the defendant and file proof of that service with the Court.

In both orders issued by the undersigned (Doc. Nos. 4 & 5), Plaintiff was notified that failure to comply with the Order may result in dismissal of this action for failure to prosecute.

To date, no proof of service of the Complaint on the defendant or communication by Plaintiff about efforts to serve the Defendant has been filed with the Court. And there has been no appearance made on behalf of the defendant.

## II.   DISCUSSION

Federal Rule of Civil Procedure 4(m) provides:

> **TIME LIMIT FOR SERVICE.** If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . .

The complaint must be properly served on the defendant. In this case, the plaintiff was granted *In Forma Pauperis* status under 28 U.S.C. § 1915, which allowed her to proceed without paying any fees and provided for service of her complaint by the U.S. Marshal Service after plaintiff provided fully completed Marshal service forms for each defendant.

In the present case, Plaintiff has been granted two extensions after the 120-day period for

service expired, to complete service of the complaint on Defendant. And she has received warning twice that if she failed to act, her complaint would be dismissed for failure to prosecute.

### III. RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rules of Civil Procedure 4(m) and 41(b); and

2. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated:  May 15, 2012      s/ *Jeanne J. Graham*
                          JEANNE J. GRAHAM
                          United States Magistrate Judge


### NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 31, 2012**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Judge shall make a de novo determination of those portions to which objection is made.